Moody *v*. Clark.

RICHARD MOODY *versus* ISAAC CLARK & *al*.

If the record shows, that the two justices of the peace and of the quorum, selected by the parties in manner provided by law to take the disclosure of a debtor, "are unable to agree as to the sufficiency and legality of said notification," and "do not agree upon the selection of the third justice," and thereupon an officer makes the selection; this is sufficient to justify the selection of the third justice by the officer.

When the third justice has once been legally called in to act with the others, by reason of their disagreement, he should act until the final decision is made.

In a case coming into this Court by exceptions from the district court, no point can be raised except such as were taken in the district court.

THIS was an action on a poor debtor's bond. The defence set up was, performance by having taken the poor debtor's oath before two justices of the peace and quorum.

At the trial before SHEPLEY J. the defendants introduced the record of proceedings before M. Sleeper and D. W. Lothrop, and shew that they administered to the debtor the poor debtor's oath. The plaintiff introduced the record of S. Heath, Esq. Copies of these records follow : —

" Waldo, ss. June 15, 1846. — Before Manasseh Sleeper, Solyman Heath and David W. Lothrop, justices of the peace and quorum, within and for said county, all resident of Belfast : —

" Isaac Clark of Belfast, applicant for the privilege and benefit of the oath, authorized by the 28th section of chap. 148, of

the Revised Statutes of the State of Maine, upon an execution which issued from the office of Manasseh Sleeper, Esq., justice of the court of trials, for the town of Belfast, on the 15th day of December, A. D. 1845, which Richard Moody of said Belfast is creditor, and upon which said execution bond was given by said Clark, as referred to in the twentieth section of the chapter aforesaid. The said Clark appears and submits himself to examination before the said Sleeper and Heath, the said Sleeper being selected by said Clark, and the said Heath by said Moody, who thereupon proceed to examine said notification and return in the case, and the said justices are unable to agree as to the sufficiency and legality of said notification. Whereupon it became necessary to select a third justice according to the provision of the 46th section of the chapter aforesaid. The said Sleeper and Heath do not agree upon the selection of said third justice and thereupon Axel Hayford, a deputy sheriff, within and for said county of Waldo, legally competent to serve the precept, upon which said Clark was arrested, and gave bond as aforesaid, is applied to by said Clark, to select said third justice, and said Hayford thereupon selects said Lothrop. Thereupon said justices so selected, proceed to examine said notification and return, and said Sleeper and Lothrop being of opinion that said notification, the service and return thereon are in conformity with the requirements of the statute aforesaid, and in all particulars correct, so decide, (the said Heath dissenting from them in opinion.) Said justices therefore proceed to examine said Clark, on his oath, concerning his estate and effects and the disposal thereof, and his ability to pay the debt for which he was arrested, and gave bond as aforesaid, and upon said examination, and the hearing of the whole evidence, said Sleeper and Lothrop, a majority of said justices, are satisfied that said Clark's disclosure is true, and do not discover any thing therein, inconsistent with his taking the oath set forth in the 28th section aforesaid, and proceed to administer to him the same accordingly, and deliver to

him the certificate provided in the 31st section of the chapter aforesaid.

"Manasseh Sleeper,  }  "Justices of the peace
"D. W. Lothrop,    {      and quorum."

"Waldo, ss. June 15, 1846. — Before Solyman Heath and Manasseh Sleeper, Esq'rs, both justices of the peace and of the quorum, within and for said county: —

Isaac Clark of Belfast, in said county, applicant for the benefit of the poor debtor's oath according to the 28th section of chap. 148 of the Revised Statutes of this State, who had been arrested on an execution, which issued from the office of Manasseh Sleeper, Esq., justice of the court of trials for the town of Belfast, in said county, on the 15th day of December, A. D. 1845, in which said execution Richard Moody of same Belfast, is creditor, and upon which arrest on said execution a bond was given by said Clark agreeably to the provisions of said chap. 148.

"The said Clark appears and submits himself to examination before said justices, the said Heath being appointed and selected by the said creditor, and the said Sleeper appointed and selected by the said debtor. Whereupon said justices proceed to examine the notification to the creditor, and the return, and the said justices are unable to agree on the sufficiency and legality of the notification aforesaid, — whereupon without any attempt on the part of said justices to select a third justice, or even naming one, Clark, the debtor, at the suggestion of Mr. Sleeper, went out for a third justice, and the said debtor and A. Hayford, deputy sheriff, returned with David W. Lothrop, Esq., and by them, (the said Sleeper and Lathrop,) said debtor was admitted to the poor debtor's oath as prescribed in said chap. 148. The said Heath, one of said justices, dissenting from the other justices in the whole proceedings in the matter.

"S. Heath,  {  Justice of peace and quorum,
           {     of the county of Waldo."

The plaintiff offered testimony to prove, that the facts were according to the record made by Mr. Heath, but the testimony

was excluded. The presiding Judge ruled, that the action could not be maintained, and the plaintiff filed exceptions.

*Williamson* argued for the plaintiff, contending that the third justice was not legally appointed. There was no such disagreement between the two justices, as would authorize the defendants to call in an officer to appoint a third justice.

The certificate signed by the two justices cannot be a true record, as many of the facts stated therein took place before one of them was appointed, or present.

But if the record of Mr. Heath alone is not sufficient to counteract the other certificate, parol evidence is admissible to show the manner in which the justices were selected. *Ayer* v. *Woodman*, 24 Maine R. 196. If the Court was not legally organized, and this may be shown by parol proof, the proceedings are a nullity. *Williams* v. *Burrill*, 23 Maine R. 144, and *Bunker* v. *Hall*, ib. 26. The certificate of the two justices does not state, that the two first were unable to agree, as the statute requires, to authorize the appointment. 14 Mass. R. 20 ; 18 Pick. 295.

*Crosby*, for the defendants, contended that the third justice was legally selected. The record states, that the two justices were unable to agree, and did not agree, which is equivalent to saying they could not agree. It is not necessary to use the language of the statute, if the meaning of the words used is precisely the same.

When a third justice is once properly called in, he continues to compose a part of the Court.

The testimony offered was wholly immaterial, and was therefore rightly rejected.

The opinion of the Court, WHITMAN C. J. not having heard the argument, and taking no part in the decision, was drawn up by

TENNEY J. — This action upon a poor debtor's bond is defended upon the ground, that the debtor was admitted to his oath by a competent tribunal as appears by the certificate of Manasseh Sleeper and David W. Lothrop, two justices of

the peace and quorum, which was read in evidence without objection. The plaintiff denies the authority of the two mag-istrates, who administered the oath, and introduced the certifi-cate of Solyman Heath, another justice of the peace and quorum, and who was selected by the creditor as one of the justices, and who acted with Sleeper, the one selected by the debtor, and with Lothrop, selected by a deputy sheriff after the disagreement of the other two, upon the question of the suffi-ciency of the notice of the debtor to his creditor. The former certificate states, "that the said Heath and Sleeper do not agree upon the selection of a third justice," and that thereup-on, the officer made the selection; in the latter, after stating the disagreement touching the notice, it is said, " Whereupon without any attempt on the part of said justices to select a third justice, or even naming one, the debtor, at the suggestion of M. Sleeper, went out for a third justice; and the said debtor and A. Hayford, a deputy sheriff, returned with David W. Lothrop, Esq., and by them, (the said Sleeper and Lothrop,) said debtor was admitted to the poor debtor's oath as prescrib-ed in chap. 148 aforesaid, the said Heath, one of said justices,. dissenting fron the other justices in the whole proceedings in. the matter.

After the disagreement between the members of the tribunal as first constituted, it became necessary that a third should be added. The two had the authority to select him; if they were unable to agree in the selection, the duty of making the choice devolved upon another. The law has not prescribed any time, that must intervene between that when it is ascer-tained, that a third magistrate must be called, and the time when an officer can proceed to make the choice; nor what the two shall do or omit to do, to constitute an inability to agree. If it should be thought the two justices manifested an unreasonable captiousness, or obstinacy in reference to the exercise of this part of their duty, it may nevertheless amount to a failure to agree upon the third magistrate. The statute requires no announcement from them, that they are unable to agree, so that the debtor can know the moment, when the

power has gone from them, and is to be exercised by an officer. If time should be taken in nominating different magistrates by one and the other of the two first selected, without agreeing upon any one, it might perhaps be said with propriety, that they were " unable to agree." But if instead of that neither would give to the other, the name of any one, it might be very unreasonable, but would it not be evidence of inability to agree, as much as when one should refuse to confirm the other's nomination? It is certainly strong proof that the two were unable to agree, when they did not agree, after a full opportunity had been enjoyed by them to do it, had they been disposed to improve it.

The debtor had his rights and was entitled to have the tribunal filled; if those in whom was the power to make the choice, omitted to do it, he might suppose, they were unable to do it, and he would proceed to have the selection made by an officer. If the two justices had chosen the third before the one who afterwards acted had taken his seat, the latter might be bound to yield his place to the former. But when Mr. Lothrop appeared, nothing of the kind had taken place, and he had authority to act as a member of the tribunal.

It is insisted, that the justice selected by the deputy sheriff, had no authority to act, further than in the settlement of the question, on which the disagreement took place. The two justices who first constitute the tribunal, in case of disagreement, " may select a third, and a majority shall decide." The decision, which a majority are empowered to make is not limited to any particular question, which may arise. — Such a construction might be attended with great inconvenience. — If the third justice should retire after the first question on which the others should entertain different opinions should be decided and afterwards another disagreement should occur, a fourth justice would be or might be necessary and so to an indefinite number. — It is manifest, that it was intended, the new magistrate should act, till the final decision.

The exclusion of the testimony, to corroborate the certificate of Mr. Heath was not improper, as the action cannot be

maintained, on the ground that every fact therein shown is true.

The point, that the justices were not shown to be inhabitants of Belfast was not taken at the trial, and it cannot now be raised.                    *Exceptions overruled.*